Longworth, J.
Tbe correct disposition of this case depends upon the true effect and scope of the ordinance designating the rout®, and directing the clerk to advertise for proposals. If it falls within that class of ordinances which, to be of any validity, require the approval of the mayor, it is plain that the judgment in defendant’s favor was right. The statute regulations upon this subject are found in section 1666 of the Revised Statutes, which is as follows:
“ Sec. 1666. The votes of a majority of all the members elected to each board of the common council shall be necessary to pass any ordinance, resolution, or order, in which an expenditure of money is involved, or the approval of a contract for the payment of money, or for granting a franchise, or creating a right, or for the purchase, lease, sale, or transfer of property, which shall have passed both boards of the common council in separate session (except such as levying special taxes for the improvement of streets), shall, before it takes effect, be presented, duly certified by the clerk, to the mayor of the city for his approval.”
That the ordinance in question does not grant a franchise is manifest,- it does not purport to do so, nor is any grantee named to receive it. Counsel have argued, with much ingenuity, that it creates a right, and therefore comes within the section quoted, but we are wholly unable to coincide with this position, for reasons which will be stated further on. Our chief difficulty lies in the question whether it involves the expenditure of money. That it may result in the expenditure of money is probable, if not certain, since it directs an advertisement in the public journals: yet we think that it is not every ordinance which may possibly, or even necessarily, result in the expenditure of money, that can próperly be said to involve the expenditure of money in the sense in which that term is used in the statute. It will be observed, that in the section quoted, ordinances providing for the purchase of property are expressly provided for, and thus in a manner distinguished from ordinances in which an expenditure of money is involved ; and yet surely such contracts must often result, at some time, in the • expenditure of money. Ordinances, reso *648 lutions, and orders approving contracts for the payment of money, are likewise specially and separately mentioned. We think a proper application of the maxim, “ Verba generalia resbringunt/wr ad bidbilitatem rei, ” warrants the conclusion that it was not the legislative intent to bring within the statute ordinances which do not directly involve the expenditure of money. Indeed, it might be said that most ordinances, orders, and resolutions, passed by council, in some manner result in the expenditure of money. For example, a resolution declaring a public improvement necessary, must be advertised, and yet we never heard it claimed that such a resolution requires the approval of the mayor before it takes effect.
An inspection of the general ordinance (§ 3), which is set forth in the record, further shows that the successful competitor is required to pay to the city auditor $100, “ to cover the expenses of printing and publishing the necessary resolutions, notices and ordinances.” If among these is included the ordinance in question, then, possibly it may never even result in the expenditure of money.
Without attempting here to draw a definite line between those ordinances, orders and resolutions which do, and those which do not, require the mayor’s approval, we are content with saying that this ordinance did not.
Such being our conclusion, it follows that it became the duty of the clerk, under the ordinance, to advertise for sealed proposals, which he has not done. Can he be compelled by mandamus to perform this duty, upon the relation of a citizen and owner of property upon the line of the proposed railroad £ As regards the degree of interest on the part of the relator, requisite to make him a proper party on whose information the proceedings may be instituted, a distinction is taken between cases where the extraordinary aid of a mandamus is invoked, merely for the purpose of enforcing or protecting a private right, unconnected with the public interest, and those eases where the purpose of the application is the enforcement of a purely public right, where the people at large are the real party in interest, and, while the authorities are somewhat conflicting, yet the decided weight of authority supports the proposition *649 that, where the relief is sought merely for the protection of private rights, the relator must show some personal or special interest in the subject matter, since he is regarded as the real party in interest and his rights must clearly appear. On the other hand, where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party, and the relator need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen, and, as such, interested in the execution of the laws. See High on Ex. Rem. § 431, et seq.; Tapping on Mandamus, § 28; Railroad v. Hall, 91 U. S. 343, 354.
For the purposes of this opinion we are willing to admit that, if the relator has, under this municipal legislation, the right to insist, as against the city, that Route 20 shall be constructed and established, then the writ properly lies upon his relation.
On the other hand we consider it clear that, if a lawful discretion exists in the council to grant or to withhold the franchise, then such discretion cannot be directly or indirectly destroyed or limited by the writ of mandamus. See Exparte Black, 1 Ohio St. 30. This brings us again to the consideration of the scope and effect of the ordinance under discussion. It will be noticed that no statute is found requiring any advertisement for proposals as therein provided for. The ordinance is passed by council under a self-imposed rule contained in their own general ordinance, which they are at liberty to change or repeal at any time.
It is manifest that the object of such advertisement is simply and solely to advise council upon what terms such route may be constructed and operated, and to enable that body to grant the franchise to the person or company best able to sub-serve the public interests. It might be that no proposals would be received, in which case it is probable that the route would never be constructed, and it might be that the proposals received would be of such a character that council would decide not to award the franchise to any one. At least it is certain that the mere passage of this ordinance and the publication of *650 an advertisement under it in no manner binds the city to see that such a railroad route shall be constructed and operated. Council might in its wisdom stop there and refuse to take further steps; nor could it be claimed for a moment that mandamus would lie to compel any act upon its part. We are not now considering what would be the case had council granted the franchise and provided for the construction of the road. What would be the relator’s rights in such a state of affairs it is unnecessary to discuss. Suffice it to say that the publication of the advertisement for proposals would invest him with no right whatever against the city or any of its officers or against any person or company. How then can he ask this order against the city clerk ? He is an officer of council and bound to obey its orders. If he fails to do so, that body is by no means powerless; but if it is satisfied,, what business, we ask, is it of any other person ? I cannot complain of your agent because he has not performed his duty toward you in a matter in -which I have no interest and where you are satisfied. Were this writ asked upon the relation of the city against its officer the case might be otherwise, but the city is not complaining.
We are unable to see'that any right of the relator has been invaded or postponed, or to find interest in him which would be legally affected by granting him the relief prayed for. The district court properly refused the writ.

Judgment affirmed.